UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDIXON DAVID BUITRIAGO GODOY (A-232-536-144),

Petitioner,

v.

CENTRAL VALLEY INDEX,

Respondent.

No. 1:26-cv-06796 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Edixon David Buitriago Godoy (A-232-536-144), a native and citizen of Venezuela who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States without inspection on April 29, 2023. On August 5, 2026, petitioner was arrested and detained by immigration authorities and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

///

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a 38-year old citizen and native of Venezuela. (ECF No. 5 at 17.) On or about April 29, 2023, petitioner entered the United States at or near Eagle Pass, Texas without inspection. (ECF No. 8 at 1.) On June 17, 2024, United States Citizenship and Immigration Services ("USCIS") granted petitioner Temporary Protected Status ("TPS"). (Id. at 1, 13.) Petitioner's TPS expired April 2, 2025. (Id. at 13; ECF No. 10 at 1.) Petitioner also applied for asylum, which appears to remain pending, and received employment authorization valid through March 9, 2030. (ECF No. 8 at 1, 20.)

On or about August 5, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following his arrest in Layton, Utah for criminal trespass of a dwelling in violation of Utah Code § 76-6-206(2A)+(3B) and public intoxication in violation of Utah Code § 76-9-110, and those charges remain pending.[3] (ECF No. 1 at 4; ECF No. 5 at 2, 18.) Petitioner has been in continuous detention since then. (Id.) Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[4] (ECF No. 5 at 1, 6-9.) On September 8, 2026, an immigration judge offered petitioner a bond hearing but the request was withdrawn because petitioner did not provide any supporting documentation, was not ready to proceed, and requested additional time. (ECF No. 6 at 3). The immigration judge's order indicates that the bond request was withdrawn without prejudice and petitioner may re-request a bond hearing when he is ready.

## II. PROCEDURAL BACKGROUND

On August 25, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 16, 2026, respondent timely filed a motion to dismiss and opposition to the

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] The record does not indicate that petitioner has any other criminal record. (See ECF No. 5 at 11-15.)

[4] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

petition. (ECF No. 5.) Petitioner filed a reply (ECF No. 8). In response to the Court's minute order providing respondent with an opportunity to respond to petitioner's reply, respondent filed a reply. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his

continued detention based on violations of the following:[5] (1) Fifth Amendment due process violation including for non-compliance with regulations; (2) statutory violation for being arrested without a warrant; and (3) statutory violation for being detained without an individualized bond hearing. (ECF No. 1 at 6.)

**A. Due Process Claim (Claim One)**

Petitioner argues that his Fifth Amendment due process rights were violated because ICE detained him without satisfying 8 C.F.R. §§ 241.4(l) and 241.13(i)(3) requiring notice of "revocation of release" and promptly conducting an informal interview.[6] (ECF No. 1 at 6.) A set of regulations, 8 C.F.R. §§ 241.4(l) and 241.13(i), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. Petitioner has not provided any support, however, for the assertion that he has previously been ordered removed. (See ECF Nos. 1, 8.) Rather, petitioner asserts that he is "pending court proceedings." (ECF No. 1 at 4). Respondent does not directly address this claim, but it asserts that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) while his removal proceedings are pending. (ECF No. 5 at 3). Respondent also submitted documents which indicate that petitioner had "no prior immigration history." (ECF No. 5 at 18.) Based on the record before the court, the Court concludes that petitioner is not subject to a final removal order and therefore, the regulations upon which petitioner relies for his due process claim do not apply.

Petitioner also argues that his TPS grant, pending asylum application, and approved work authorization should be considered as part of a due process claim. (See ECF No. 8.) Respondent

[5] Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim that his TPS grant, pending asylum application, and employment authorization impact a Fifth Amendment due process claim, and is not limited to a claim challenging revocation of release and re-detention.

[6] A set of regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. A noncitizen who has been released under an Order of Supervision "who violates any of the conditions of release may be returned to custody . . . and may be continued in detention for an additional six months in order to affect the alien's removal, if possible[.]" 8 C.F.R. § 241.13(i)(1). A noncitizen's release may also be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

asserts that TPS is not an admission, was properly revoked, and that petitioner's TPS expired prior to his immigration detention. (ECF No. 10 at 1.) As support, petitioner cites three cases. However, the Court finds that none of the cited cases are applicable to the circumstances presented in this case. First, Dang v. Cruz involved an individual who was previously released under section 1226(a), but there is no support in this record that petitioner was ever previously released under this section. See Dang v. Cruz, No. 1:26-cv-07445-KES-CDB, 2026 WL 2806849 (E.D. Cal. Sept. 18, 2026). Second, Valencia Magallan v. Andrews involved a claim based on mandatory detention under section 1226(c), which respondent has not asserted in this case. See Valencia Magallan v. Andrews, No. 1:26-cv-07009-KES-EGC, 2026 WL 2806846 (E.D. Cal. Sept. 18, 2026). Finally, Reinfeld Freytes v. Wofford, et al. addressed a claim where the petitioner entered the United States under humanitarian parole, but the petitioner here entered without inspection. See Reinfeld Freytes v. Wofford, et al., No. 1:26-cv-07243-JLT-SAB, 2026 WL 2815148 (E.D. Cal. Sept. 18, 2026).

Therefore, the Court recommends that the petition be denied as to the due process claim.

**B. Statutory Claims (Claims Two and Three)**

Petitioner contends that he was detained without a warrant and has not been provided an individualized bond hearing in violation of 8 U.S.C. § 1226(a). (ECF No. 1 at 6.) Respondent asserts that petitioner was arrested pursuant to an administrative warrant. (ECF No. 5 at 2, 21.) Respondent also submitted evidence that an immigration judge offered petitioner a bond hearing. (ECF No. 6 at 3.)

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. Garcia-Maya v. Blanche, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting Jacobo-Ramirez v. Mullin, 834 F. Supp. 3d 1073, 2026 WL 879799 (D. Nev. 2026)). Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." 8 U.S.C. § 1226(a). Rodriguez Diaz v.

Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

First, section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Here, petitioner was issued an arrest warrant on August 5, 2026. (ECF No. 5 at 21.) Thus, it appears that the warrant provision of section 1226(a) has been satisfied.

Second, under section 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Here, petitioner was given an opportunity for a bond hearing by an immigration judge on September 8, 2026. (ECF No. 6 at 3.) Based on petitioner's request, the immigration judge withdrew the bond request without prejudice. (Id.) Thus, it appears that the bond hearing provision of immigration detention under section 1226(a) has also been satisfied.

Therefore, the Court recommends that the petition be denied as to the statutory claims where petitioner is detained pursuant to § 1226(a) upon issuance of an administrative warrant and received an opportunity for a bond hearing before an immigration judge.

## V. RESPONDENT'S MOTION TO DISMISS

Respondent argues that petitioner only sought immediate release or a bond hearing, and at the time of filing a custody redetermination/bond hearing had been scheduled, that no case or controversy remained and therefore the petition was moot. (ECF No. 5 at 3-4.) However, petitioner also requested "an alternative" relief. (ECF No. 1 at 7). Accordingly, respondent's motion to dismiss should be denied.

///

## VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. Respondent's motion to dismiss (ECF No. 5) be DENIED.
3. The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/buit6796.imm.2241.1226a.deny/10.